# In the United States Court of Federal Claims

No. 23-767
Filed: July 24, 2023

|  |  |
|---|---|
| PEDRO N. IBANEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

On May 23, 2023, plaintiff, proceeding *pro se*, filed a complaint with this Court, alleging, *inter alia*, that the Government infringed upon his copyright for his written work "NO TAXES NO POVERTY STRONG GOVERNMENT." *See generally* Complaint, ECF No. 1. Specifically, Plaintiff alleges that since 2009 the Government has copied material from the above-referenced written work on how to manipulate the money supply and how to print and distribute unlimited money. *Id.* at 2. As a result, plaintiff argues that this infringement of "his work was a substantial factor in the successful exit of the country from the Pandemic of 2020-2021." *Id.* On June 21, 2023, the Court ordered plaintiff to show cause as to why his case should not be dismissed pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC"). *See* June 21, 2023 Order, ECF No. 7. On July 19, 2023, plaintiff filed his response to the Court's Show Cause Order by reproducing the text of 28 U.S.C. § 1498. *See* Plaintiff's Response to Show Cause Order, ECF No. 12.

This Court's authority to hear cases is primarily set forth by the Tucker Act, which grants the Court of Federal Claims subject-matter jurisdiction over claims brought against the United States that are grounded on a money-mandating source of law and do not sound in tort. 28 U.S.C. § 1491(a)(1). Additionally, 28 U.S.C. § 1498 grants this Court subject-matter jurisdiction to adjudicate claims of copyright infringement by the United States. RCFC 12(h)(3) states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." R. Ct. Fed. Cl. 12(h)(3). Plaintiff has the burden of demonstrating that this Court has jurisdiction over his claims. *See Reynolds v. Army & Air Force Exchange Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). *Pro se* plaintiffs are given "leeway on procedural matters, such as pleading requirements," *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007), but this leniency does not lessen the plaintiff's jurisdictional burden. *See Ibrahim v. United States*, 799 Fed. Appx. 865, 867 (Fed. Cir. 2020) (citing *Kelley v. Sec'y, United States Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)). Demonstrating this Court's jurisdiction is generally a low bar. *See, e.g., Columbus Reg'l Hosp. v. United States*, 990 F.3d 1330, 1341

- 2 -

(Fed. Cir. 2021).  Claims that are "factually frivolous," however, fall outside of this Court's jurisdiction.  *See, e.g., Spencer v. United States*, 98 Fed. Cl. 349, 356 (2011).  These are claims supported by facts that are "delusional," "clearly baseless," or "rise to the level of the irrational or the wholly incredible."  *Id*.  Determining whether a claim is factually frivolous is within this Court's discretion.  *See id*. (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

Upon *sua sponte* review, this Court finds that plaintiff fails to plead a non-frivolous claim for relief.  *See Spencer*, 98 Fed. Cl. at 356.  The allegations asserted in the Complaint—that the Government "copied and implemented unique information" from plaintiff's copywritten work, which "was a substantial factor in the successful exit of the country from the Pandemic of 2020-2021"—fall into the category of "frivolous" or "clearly baseless."  *See id.*; Compl. at 2.  Therefore, this Court does not have jurisdiction over plaintiff's claims and must dismiss the Complaint.  *See Spencer*, 98 Fed. Cl. at 356.

For the reasons set forth above, plaintiff's Complaint is **DISMISSED,** *sua sponte*, pursuant to RCFC 12(h)(3).  The Clerk of Court is directed to take the necessary steps to dismiss this matter.

**IT IS SO ORDERED.**

s/ *Loren A. Smith*

Loren A. Smith,
Senior Judge